UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN LEE ELLIOTT,

      Petitioner,

vs.

                                                 Case No. 3:20-cv-483-BJD-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

### I.   INTRODUCTION

Petitioner Kevin Lee Elliott, an inmate of the Florida penal system, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) pursuant to the mailbox rule on May 11, 2020.  He challenges his state court (Duval County) conviction for sexual battery.

Respondents filed a Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Response) (Doc. 14), asserting the federal petition is time-

barred and due to be dismissed as untimely.[1]   Petitioner filed a Reply to

Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus

(Reply) (Doc. 23), stating he disputes Respondents' calculation, asserts he has

shown good cause for any procedural default, and contends if the Court were

to find the petition untimely, it would constitute a fundamental miscarriage of

justice to fail to address his Petition.   Reply at 4-10.

## II.   TIMELINESS

Respondents assert the Petition is untimely.   Response at 5-10.   Upon

review, the Petition was filed beyond the Antiterrorism and Effective Death

Penalty Act (AEDPA) one-year statute of limitation.

Of import, under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Respondents filed Exhibits (Doc. 14), and the Court will refer to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page.   Otherwise, the page number on the particular document will be referenced.   The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Response, and Reply.

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the First District Court of Appeal (1st DCA). Ex. A at 110; Ex. C; Ex. D; Ex. E. On April 13, 2015, the 1st DCA affirmed per curiam. Ex. F; Elliott v. State, 162 So. 3d 988 (2015) (per curiam). The mandate issued April 29, 2015. Ex. G. Meanwhile, on April 28, 2015, pursuant to the mailbox rule, Petitioner filed a

motion for rehearing and/or judicial clarification.   Ex. H.   On May 29, 2015,
the 1st DCA denied the motion for rehearing/clarification.   Ex. I.

The conviction became final on Thursday, August 27, 2015 (the 90th day
after May 29, 2015) (According to rules of the Supreme Court, a petition for
certiorari must be filed within 90 days of the appellate court's entry of
judgment on the appeal or, if a motion for rehearing is timely filed, within 90
days of the appellate court's denial of that motion.").   The limitation period
began running the following day, Friday, August 28, 2015, and ran for a period
of 154 days, until Petitioner filed a pro se Petition for Writ of Habeas Corpus
on Friday, January 29, 2016 pursuant to the mailbox rule.   Ex. J.
Ultimately, this proceeding ended when the 1st DCA denied rehearing and
clarification on Monday, April 11, 2016.   Ex. N.

The limitations period began to run the following day, Tuesday, April 12,
2016.   It ran for a period of 107 days, until Petitioner filed a pro se Rule 3.850
motion on July 28, 2016, pursuant to the mailbox rule.[2]   Ex. O at 1-37.   The
circuit court denied post-conviction relief on October 24, 2016.   Id. at 38-176.
Petitioner appealed the denial of his motion for post-conviction relief.   Id. at

---

[2]  Respondents' calculation is incorrect because they rely on a filing date of July 8, 2016 to
perform their calculation, not July 28, 2016.   Response at 7.   The record demonstrates the
filing date is July 28, 2016 pursuant to the mailbox rule.   Ex. O at 1.   See Response at 3.

177.   He filed an appeal brief, Ex. P, and the state filed a notice of not filing a brief.   Ex. Q.   The 1st DCA, on September 5, 2017 reversed and remanded. Ex. R.   The mandate issued on October 3, 2017.   Ex. S.   On January 8, 2018, Petitioner filed an amended Rule 3.850 motion.   Ex. U.   The circuit court denied the motion.   Id.   Petitioner appealed.   Ex. U at 362; Ex. V; Ex. W. On February 27, 2019, the 1st DCA affirmed in a written opinion.   Ex. X. Petitioner sought rehearing and clarification, Ex. Y, and the 1st DCA on April 9, 2019 denied rehearing/clarification. [3]   Ex. Z.   The mandate issued on Tuesday, April 30, 2019.   Ex. AA.   The Court will consider the matter pending until Thursday, May 9, 2019, when the time for seeking a petition for discretionary review expired (30 days from the decision).   Fla. R. App. P. 9.120(b).   See Bravo v. Sec'y, Dep't of Corr., No. 1:22-cv-69-AW-MJF, 2022 WL 17836614, at *5 (Sept. 28, 2022) (calculating 30 days after rendition of the order affirming the judgment under Rule 9.120(b)).   See also, Wilson v. Sec'y, Fla. Dep't of Corr., No. 3:20-cv-217-TJC-MCR, 2023 WL 348891, at *3 (M.D. Fla. Jan. 20, 2023) (allowing for the 30-day period in its calculation).   Thus,

---

[3] Because the 1st DCA denied the motion for rehearing/clarification on April 9, 2019, Petitioner had 30 days from that decision to file his notice to invoke discretionary jurisdiction. Fla. R. App. P. 9.120(b).

the limitation period began to run the following day, Friday May 10, 2019, and expired 104 days later, on Thursday, August 22, 2019.

Although on May 29, 2019 pursuant to the mailbox rule, Petitioner filed a Notice to Invoke Discretionary Jurisdiction, Ex. BB, not only did it have the wrong case number it was untimely filed.   On June 7, 2019, the Florida Supreme Court (FSC) dismissed the matter as the notice was untimely filed. Ex. CC.   Petitioner filed an amended notice on June 10, 2018 with the proper case number, Ex. DD, but the FSC on June 14, 2019 rejected the filing, finding no further proceedings seeking discretionary review could be filed.   Ex. EE. On July 26, 2019, Petitioner filed a Notice/Petition to Invoke Belated Discretionary Jurisdiction.   Ex. FF.   On November 21, 2019, the FSC ordered both the 1st DCA and the state to respond.   Ex. GG.   Both responded.   Ex. HH; Ex. II.   Petitioner filed a reply.   Ex. JJ.   On February 11, 2020, the FSC denied the original petition seeking belated discretionary review.   Ex. KK.

Being untimely, the initial petition for discretionary review did not serve to toll the limitation period.   Artuz v. Bennett, 531 U.S. 4, 8 (2000) (addressing the meaning of "properly filed").   "A state court's procedural determination that a filing is untimely is generally accorded due deference and is binding on the federal courts" unless the procedural rule is not firmly established and regularly followed.   Rodriguez v. McNeil, No. 08-22059-Civ-JORDAN, 2009

WL 10674083, at *6 (S.D. Fla. July 23, 2009) (citing Stafford v. Thompson, 328 F.3d 1302, 1305 (11ᵗʰ Cir. 2003)) (not reported in F. Supp.), report and recommendation adopted by 2009 WL 10674186 (S.D. Fla. Oct. 7, 2009).  See Nairn v. Jones, No. 16-60874-Civ-LENARD, 2017 WL 11426847, at *2 n.2 (S.D. Fla. May 30, 2017) (not reported in F. Supp.) (Pursuant to Fla. R. App. P. 9.120(b) a motion to invoke discretionary review must be filed within 30 days of rendition of the order to be reviewed), report and recommendation adopted by 2017 WL 11426834 (S. D. Fla. Nov. 29, 2017).  Here, the FSC expressly found the notice was not timely filed, which Petitioner did not overcome.  Ex. CC.

Also, the petition to invoke belated discretionary jurisdiction did not serve to toll the limitation period.  "The Eleventh Circuit has held that a petition for belated discretionary review in the Florida Supreme Court, like the one filed by petitioner above, does not qualify as an 'application for State ... collateral review' within the meaning of § 2244(d)(2), because, under Florida law, it 'does not reach the merits of the anticipated appeal or the validity of the order to be appealed.'"  Hunter v. Jones, No. 16-61699-Civ-LENARD, 2018 WL 10605538, at *4 (S.D. Fla. Jan. 11, 2018) (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1140-41 (11th Cir. 2015) (quoting Jones v. State, 922 So.

2d 1088, 1090 (Fla. 4th DCA 2006)) report and recommendation adopted by 2018 WL 10605536 (S.D. Fla. Nov. 29, 2018).

Petitioner filed his Petition in this Court on May 11, 2020. As such, the Court finds the Petition is untimely filed.

## III.   EQUITABLE TOLLING

Based on the history outlined above, the Petition is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted. The AEDPA is applicable to Petitioner's case as his conviction became final after April 24, 1996, the effective date of AEDPA. Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir. 2001) (by its terms, the state of limitations provision in AEDPA bars any petition filed more than a year after the conviction became final at the conclusion of direct appeal, absent exceptions and qualified tolling periods), cert. denied, 534 U.S. 1136 (2002). The AEDPA one-year limitation period is subject to equitable tolling. Holland v. Fla., 560 U.S. 631, 651-52 (2010).

Petitioner carries the burden of persuasion. He must satisfy a two-pronged test; he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted). See Christmas v. Judd, No. 20-14431, 2021 WL 4860927, at *1 (11th Cir. Oct. 19,

2021) (per curiam) (not reported in Fed. Rptr.) (same).   Equitable tolling is an extraordinary remedy, only employed in "rare and exceptional circumstances and typically applied sparingly."   Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).   See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (equitable tolling "is a remedy that must be used sparingly").   This heavy burden is not easily surmounted.   See Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (recognizing the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Apparently, Petitioner is claiming he is entitled to equitable tolling.   He blames his untimeliness on the 1st DCA's failure to provide him with a conformed copy of the April 9, 2019 denial of rehearing.   Reply at 7.   See Ex. Z.   He contends that requiring prisoners to ascertain a date of rendition of an order to comply with time limitations "assumes the impossible."   Reply at 7-8. He alleges that on-line court dockets do not show the date of rendition.   Id. at 8.   As such, he submits he was unable to timely comply.

Petitioner further argues he used all due diligence to timely file a petition for discretionary review.   He suggests the circumstances were beyond

his control and he had no actual or constructive knowledge of the date of rendition.

Petitioner has not shown that he pursued his rights with reasonable diligence. Petitioner claims he received an empty envelope from the 1st DCA on April 15, 2019. He also claims he wrote the 1st DCA when he received an empty envelope from that court. The 1st DCA avers it did not receive a written communication from Petitioner until June 3, 2019 and the court never received a written communication concerning an empty envelope being delivered in April, 2019. Ex. HH at 2. Further, the mail log at Union Correctional Institution (UCI) shows Petitioner received his legal mail from the 1st DCA on April 15, 2019. Ex. II, Appendix A, Incoming Legal and/or Privileged Mail Log.

Upon inquiry, the mail room supervisor for UCI explained that mail must be logged and inspected for contraband. Ex. II at 2. If an envelope is empty, it would be documented and reported to the supervisor. Id. Sheila Thornton, a mail room staff member, attested that she delivered the mail to Petitioner, she did not deliver an empty envelope, and the mail log contains no notation of an empty envelope being delivered to Petitioner. Id., Appendix B, Affidavit. The FSC considered Petitioner's explanation, required responses

from the 1st DCA and the state and denied the petition seeking belated discretionary review.   Ex. KK.

Petitioner has not established that he pursued his federal rights diligently.   Thus, his equitable tolling argument fails on the first prong.   The 1st DCA did not receive any mail from Petitioner inquiring about an empty envelope being delivered to him on April 15, 2019.   A petitioner may write for information from the clerk of courts and may utilize the prison law library and its resources to conduct legal research.   If a petitioner fails to receive a response from a written inquiry, he may make additional inquiries.

Relatedly, the on-line 1st DCA docket for case no. 1D18-1877 includes the April 9, 2019 order denying the motion for rehearing.[4]   As such, requiring prisoners to ascertain a date of an order to comply with time limitations does not assume the impossible.   This information was readily available on-line or through written inquiry.   Under the circumstances at bar, the Court is not persuaded that Petitioner diligently attempted to pursue his rights and timely file a federal petition.

The Court is not convinced that Petitioner has shown that the untimely filing of the federal petition should be contributed to circumstances beyond his

---

[4]  The Court takes judicial notice of the Florida First District Court of Appeal Docket in Case No. 1D18-1877.

control.    No extraordinary circumstances stood in his way and prevented him

from timely filing.    In fact, Petitioner faced the routine circumstances of any

prisoner attempting to manage his case and timely comply with procedural

requirements.     The    Court    is    not    persuaded    that    Petitioner    faced

extraordinary circumstances rendering it impossible to comply with deadlines.

Instead, Petitioner faced routine case management issues.    He was not denied

or obstructed from obtaining information about the status of his case.

A habeas petitioner's lack of legal training and general ignorance of the

law are not extraordinary circumstances justifying equitable tolling.    Rivers

v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) (procedural

ignorance is not an acceptable excuse)); Perez v. Fla., 519 F. App'x 995, 997

(11th Cir. 2013) (per curiam) (lack of legal education is an insufficient excuse).

As expected of other litigants, pro se litigants, "are deemed to know of the one-

year statute of limitations."    Outler v. United States, 485 F.3d 1273, 1282 n.4

(11th Cir. 2007) (per curiam), cert. denied, 552 U.S. 1232 (2008).

Based on the record before the Court, Petitioner has not presented any

justifiable reason why the dictates of the one-year limitation period should not

be imposed upon him.    The record demonstrates Petitioner had ample time to

exhaust state remedies and prepare and file a federal petition.    Petitioner has

not shown extraordinary circumstances stood in his way and prevented him

from timely filing a petition.   Furthermore, he has not shown he exercised due diligence.   Thus, he has failed to demonstrate he is entitled to equitable tolling.

Finally, Petitioner does not assert, nor does he demonstrate that he has new evidence establishing actual innocence.   See Reply.   Indeed, Petitioner does not point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.   See McQuiggan v. Perkins, 569 U.S. 383, 394-95 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not no reasonable juror would have convicted the prisoner).

Focusing its inquiry on the circumstances surrounding Petitioner's late filing of the Petition, this pro se Petitioner is not excused from complying with the time constraints for filing a federal petition.   He has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.   He has failed to demonstrate he is entitled to equitable tolling.   He does not claim actual innocence and he has made no attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence.   Here, Petitioner points to no new evidence that was not available at the time of trial.   He has not presented any new

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.    Therefore, he has failed to demonstrate he has new evidence establishing actual innocence.

In conclusion, the Court finds Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.    He has not shown extraordinary circumstances stood in his way and prevented him from timely filing the Petition.    Furthermore, he has not shown he exercised due diligence. As such, he fails to demonstrate he is entitled to equitable tolling.    He has also failed to demonstrate he has new evidence establishing actual innocence.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not excused from complying with the time constraints for filing a federal petition. 28 U.S.C. § 2244(d).    As such, the Court will dismiss the Petition and this case with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2.      The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

14

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of February, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 2/1
c:
Kevin Lee Elliott
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.